
FILED
2011 Jun-15  PM 05:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA WEEKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) **Case No.: 5:10-CV-3309-VEH** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER, | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

---

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant." (Doc. 11). The Motion states that it is unopposed. The Commissioner contends that reversal and remand is appropriate in order to have an administrative law judge (ALJ) further evaluate Plaintiff's claim.

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C.

§ 405(g)).  The Commissioner's motion is **GRANTED**.  Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner with the following instructions:

> Upon remand, the Appeals Council will remand this case to an ALJ to obtain additional information regarding Plaintiff's work activity since May 2002 and determine whether she has other past relevant work as well as whether she has engaged in substantial gainful activity since protectively filing her application on January 28, 2008. If Plaintiff's case cannot be decided at step one of the sequential evaluation process, the ALJ will obtain medical source statements from acceptable medical sources regarding Plaintiff's ability to perform mental and physical work-related activities and give no consideration to the opinions from the single decision maker for the State agency. The ALJ also will reassess Plaintiff's physical and mental residual functional capacity based on the medical source statements and evaluations by acceptable medical sources, including accounting for any mental findings made using the psychiatric review technique. In addition, the ALJ will obtain testimony from medical experts, if necessary (preferably a psychiatrist and an orthopedist, if available), and obtain supplemental testimony from a vocational expert to determine if Plaintiff can perform her past relevant work or other work given all of her limitations.

Doc.11-1, pp. 2-3.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby

2

granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***

**DONE** and **ORDERED** this the 15th day of June, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

3